101 So.2d 193

**STATE of Louisiana, Through the Department of Highways,**

**v.**

**Patsy DENT, Widow of William BURKES.**

No. 43429.

March 17, 1958.

W. Crosby Pegues, Jr., D. Ross Banister, Baton Rouge, Howard W. Lenfant, New Orleans, for plaintiff-appellant.

Roland R. Selenberg, New Orleans, for defendant-appellee.

MOISE, Justice.

The State of Louisiana, through the Department of Highways, expropriated property belonging to Patsy Dent, Widow of William Burkes, bearing Municipal Nos. 1104–1106 LaSalle Street, New Orleans, Louisiana,[1] for use in Project No. 283–08–10 (construction of an elevated highway as a part of the Pontchartrain Expressway and approach to the Mississippi River Toll Bridge). The parties did not agree as to price, and proceedings were brought under LSA–R.S. 48:441.[2]

Two expert witnesses for the plaintiff placed a value of $8,200 on the property, using comparables to determine a fair market value.

Testifying for the defendant, Louis F. Huppenbauer, employed reproduction as a basis of valuation and arrived at a price of $11,812. Philip J. Zollinger also testified for the defendant, and using comparables to arrive at his estimation he placed a valuation of $9,500 on the property.

After hearing the testimony of the experts, the trial judge rendered judgment awarding the defendant $8,950 as the "Fair Market Value" of the property. Plaintiff appealed, praying that the award be reduced to $8,200. Answering the appeal, defendant asked that the judgment be increased to $11,812.

Having read the record and finding no manifest error in the judgment of the trial judge, we quote with approval his "Reasons for Judgment":

"On the morning of the trial the Court went to see the subject property and viewed the neighborhood.

1. "A certain lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the First District of the City of New Orleans, in Square No. 348, which is bounded by Howard, Liberty, Clio and Calliope Streets, designated by the No. 13 and measures 29 feet front on Howard Street by 112 feet, 0 inches, 0 lines deep between parallel lines, * * * said property is located in same district and square, bounded by LaSalle (late Howard), Calliope, S. Liberty and Clio Streets, designated as Lot No. 11 on Assessment Rolls, and No. 13 as per title, and measures 29 feet front on LaSalle (late Howard) Street by a depth of 112 feet between equal and parallel lines, Lot 13 being nearer to Calliope and commences 29 feet from the corner of Calliope and LaSalle."

2. "In any suit for the expropriation of property, including both corporeal property and servitudes, the department may acquire the property prior to judgment in the trial court in the manner provided in this Part."

"We are not dealing with a matter that can be mathematically and scientifically determined.

"The issue is: What is the 'Fair Market Value' of the subject property?

"The property is zoned 'L' Heavy Industrial.

"The four appraisals were as follows: $8,200.00, $8,200.00, $11,812.00 and $9,500.00.

"From an income basis the property has been well managed by the owner, Mrs. Patsy Dent, widow of William Burkes. The two front rooms on one side, Municipal number 1104 LaSalle Street, are rented for $15.00 per month. The two rear rooms, on the same side, are rented for $15.00 per month. There are two small shacks in the rear, one renting for $3.00 per week, and the other for $4.00 per week.

"The owner lives in Municipal number 1106 LaSalle, and the testimony is to the effect that this side would rent for approximately $45.00 per month. This makes an approximate rental value of $103.00 per month.

"After the trial of the case the Court again viewed and examined each room of the subject property. We also viewed all of the 'comparables' mentioned in the testimony, and examined each room of those which were open or available.

"The record will show that 'Fair Market Value' is defined as follows:

" 'It is the amount of money that a willing purchaser, who did not have to buy it, pays to a willing seller, who did not have to sell it.'

"This definition offers no magic formula to arrive at 'Fair Market Value.' One can only view, examine and judge the subject property, the 'comparables,' the neighborhood, the rents, the zoning, and in general all of the evidence offered at the trial of the case.

"After due consideration of all of the above factors it is the judgment of the Court that the 'Fair Market Value' of the property, 1104–1106 LaSalle Street, is $8,950.00."

■■ To adopt what is a "Fair Market Value" of expropriated property is unusual in this instance, because we do not have a willing seller and a willing buyer. Naturally, the amount to be paid for the property to be expropriated is the main question. We find expressions in other jurisdictions to the effect that a guide post for a "Fair Market Value" is the sale price of property —sold by a willing buyer to a willing seller —adjoining and adjacent and similar to the property to be expropriated. Under all of the circumstances, the system adopted in arriving at a "Fair Market Value" of the property expropriated in the instant case is

fair, just and reasonable, and, therefore, the judgment of the district court must be affirmed.

For the reasons assigned, the judgment of the trial court is affirmed. All costs, including the fees of the experts as fixed by the trial court, are to be paid by the plaintiff.